**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JFXD TRX ACQ LLC, a Florida limited liability company,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>TRX.COM, a domain name; LOO TZE MING, an individual from Malaysia,<br><br>        Defendants - Appellees. | No. 24-1661<br><br>D.C. No. 2:23-cv-02330-ROS<br><br>MEMORANDUM* |
| JFXD TRX ACQ LLC,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>TRX.COM; LOO TZE MING,<br><br>        Defendants - Appellees. | No. 24-3391<br><br>D.C. No. 2:23-cv-02330-ROS |

Appeal from the United States District Court
for the District of Arizona

Roslyn O. Silver, District Judge, Presiding

Submitted April 2, 2025**
Phoenix, Arizona

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS, W. FLETCHER, and R. NELSON, Circuit Judges.

In these two appeals, Appellant, JFXD TRX ACQ LLC ("JFXD"), challenges both the dismissal of its complaint for failure to state a claim and the award of attorneys' fees under the Lanham Act.

We review de novo the district court's dismissal of a complaint for failure to state a claim. *Benavidez v. Cty. Of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021). We review de novo the district court's decision concerning the appropriate choice of law. *Stromberg v. Qualcomm Inc.*, 14 F.4th 1059, 1066 (9th Cir. 2021). We review an attorneys' fee award under the Lanham Act for an abuse of discretion. *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc).

JFXD owns the popular fitness brand TRX and its associated intellectual property. Appellee, Loo Tze Ming, owns the domain name <trx.com>.

First, JFXD contends that the district court erred by applying Ninth Circuit law instead of Fourth Circuit law. JFXD filed its complaint under the Anticybersquatting Consumer Protection Act ("ACPA") seeking, in the Eastern District of Virginia, a determination that it owned <trx.com>. Lacking personal jurisdiction over Ming, the Virginia district court transferred the case to the District of Arizona. The Arizona district court applied Ninth Circuit law. On questions of

federal law, "a transferee court in this circuit is bound only by our circuit's precedent." *Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994). Thus the district court correctly applied Ninth Circuit law.

Next, JFXD argues that the district court erred in dismissing its complaint for failure to state a claim. In *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1026 (9th Cir. 2011), we held that under the ACPA, "a re-registration of a currently registered domain name by a new registrant" is not a "registration" of that domain name. *Id.* Therefore, JFXD was required to plead that it possessed rights in the mark "TRX" before the initial registration of <trx.com>. Because it did not do so, its ACPA claim fails. *See id.* The district court reasonably rejected JFXD's Second Amended Complaint because JFXD had already pleaded facts that made contradictory allegations in its newest complaint implausible.

Finally, JFXD challenges the award of attorneys' fees under the Lanham Act's provision authorizing fees in "exceptional cases." 15 U.S.C. § 1117(a). The district court did not abuse its discretion in finding that this case was "exceptional." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). JFXD filed suit in the Virginia district court even though its attorney knew that Ming was already litigating in Arizona. Further, as the Arizona district court explained, "JFXD and its counsel were unable to present intelligible factual or legal arguments, leaving Ming and the [Arizona district court] to guess as to

why JFXD believed its cybersquatting claim was viable." Finally, JFXD ignored court orders, communicated with the court *ex parte*, and inexplicably shifted its position multiple times throughout the course of litigation. Because the district court properly granted Ming attorneys' fees below, Appellees are entitled to attorneys' fees on appeal. *See Jason Scott Collection, Inc. v. Trendily Furniture*, 68 F.4th 1203, 1224 (9th Cir. 2023).

We **AFFIRM** the district court in both appeals.